**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES SECURITIES | : | Case No. 1:15-cv-699 |
| AND EXCHANGE COMMISSION, | : | |
| | : | Judge Thomas M. Rose |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM M. APOSTELOS, et al., | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT WILLIAM M. APOSTELOS'S
MOTION FOR RECONSIDERATION (DOC. 37) OF ORDER DENYING
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 33)**

---

This case is before the Court on the Motion for Reconsideration (Doc. 37) filed by Defendant William M. Apostelos. On April 11, 2018, Mr. Apostelos moved for leave to proceed *in forma pauperis* in this case. (Doc. 33.) On April 17, 2018, Magistrate Judge Stephanie K. Bowman, to whom the matter was referred, denied the motion. (Doc. 35.) Magistrate Judge Bowman reasoned that there was no basis for Mr. Apostelos to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) because, as a defendant, he is not required to pay a filing fee. In addition, to the extent that Mr. Apostelos sought leave to proceed *in forma pauperis* in connection with an appeal, his motion is premature.

Mr. Apostelos first argues that Magistrate Judge Bowman erred in finding no basis for his motion because "obtaining pauperis status is a prerequisite for seeking the Appointment/Recruitment of Counsel under Title 28 U.S.C. [1915](e)."[1] (Doc. 37 at 1-2.)

---

[1] Mr. Apostelos transposed the last two digits in 28 U.S.C. 1915, instead referencing "28 U.S.C. 1951(e)," which does not exist. The Court corrected this error in its quotation from his memorandum.

Section 1915(e)(1) authorizes the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute's use of the term "any person" is inclusive; it does not limit the Court's authority to request an attorney for only those persons who proceed *in forma pauperis*. Nor is the Court aware of any caselaw, at least in the Sixth Circuit, indicating that a *pro se* litigant must first obtain leave to proceed *in forma pauperis* before moving for the appointment of counsel under 28 U.S.C. § 1915(e).

Mr. Apostelos also argues that obtaining *in forma pauperis* status is required in order for him to have the Court, including the United States Marshals Service, serve process and subpoenas and pay witness fees under 28 U.S.C. § 1915(d). First, § 1915(d) does not authorize the Court to pay witness fees and expenses for a party proceeding *in forma pauperis*. *See Johnson v. Hubbard*, 698 F.2d 286, 289-90 (6th Cir. 1983), abrogated on other grounds by *L & W Supply Corp. v. Acquity*, 475 F.3d 737 (6th Cir. 2007). The payment of witness fees is not at issue. Nor is the service of process, insofar as process is defined as the summons and complaint. Mr. Apostelos is correct, however, that parties proceeding *in forma pauperis* in civil matters typically are not required to pay for the Marshals Service to complete service of subpoenas. Nevertheless, the Marshals Service will not complete such service if, in the case of a Fed. R. Civ. P. 45 subpoena for testimony for example, the party does not tender the required witness fees with the properly executed subpoena.

The stay of this case has been lifted and Mr. Apostelos has answered the Complaint. This case will soon move into discovery if not otherwise resolved. As a result, it is possible that Mr. Apostelos may require the assistance of the Marshals Service to serve subpoenas on his behalf, if he is able to raise the funds to pay the applicable fees where necessary. Mr. Apostelos's Motion

for Leave to Proceed *In Forma Pauperis* (Doc. 33) therefore is not premature.

Even though not premature, Mr. Apostelos's Motion for Leave to Proceed *In Forma Pauperis* is not supported by an affidavit or its equivalent as required by 28 U.S.C. § 1915(a)(1). The statute states, in relevant part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person ***who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor***." 28 U.S.C. 1915(a)(1) (emphasis added). Mr. Apostelos avers to certain facts in his supporting memorandum, but does not include an affidavit swearing to those facts or a declaration under 28 U.S.C. § 1746. His Motion therefore fails, regardless of whether or not it is premature.

For the reasons above, Mr. Apostelos's Motion for Reconsideration (Doc. 35) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, June 1, 2018.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE