# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES SECURITIES | : | Case No. 1:15-cv-699 |
| AND EXCHANGE COMMISSION, | : | |
| | : | Judge Thomas M. Rose |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM M. APOSTELOS, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WILLIAM M. APOSTELOS'S MOTION FOR PARTICIPATION VIA TELEPHONIC CONFERENCE AT HEARING SCHEDULED ON JULY 25, 2018 AT 10:00 AM (DOC. 40)

---

This case is before the Court on the Motion for Participation Via Telephonic Conference at Hearing Scheduled on July 25, 2018 at 10:00 AM (Doc. 40) filed by Defendant William M. Apostelos. Mr. Apostelos is incarcerated at the Elkton Correctional Institution in Lisbon, Ohio. The Court set a telephonic status conference in this case for July 25, 2018 at 10:00 AM. In order for Mr. Apostelos to participate telephonically in the conference, the Elkton Correctional Institution requires a "direct" communication from the Court. Otherwise, Mr. Apostelos would be forced to use telephones in the prison's "dayroom," which are time restricted and not suited to participation in a court proceeding of indeterminate length.

The Court requires Mr. Apostelos's participation in the telephonic status conference and, absent a communication from the Court, Mr. Apostelos might not be able to do so. The Court therefore **GRANTS** Mr. Apostelos's Motion as to his telephonic participation in the status conference. Let this Order therefore serve as a direct communication to the Elkton Correctional

Institution that Mr. Apostelos shall be provided access to a telephone so that he can participate in the Court's telephonic status conference scheduled for July 25, 2018 at 10:00 AM.

Mr. Apostelos also seeks an order from the Court directing the prison to allow William Coustin, an inmate law clerk, to be present with Mr. Apostelos during the status conference. Mr. Coustin has been advising Mr. Apostelos regarding his defense in this case. According to Mr. Apostelos, Mr. Coustin would be present with him to provide assistance during the conference, but "off the record" and would not formally represent Mr. Apostelos.

Mr. Apostelos cites two cases in support of his request, *Johnson v. Avery*, 393 U.S. 483 (1969) and *Gibbs v. Hopkins*, 10 F.3d 373 (6th Cir. 1993). In *Avery*, the Supreme Court held that a state by statute or regulation may not bar inmates from providing legal assistance to other prisoners unless it provides reasonable alternatives. 393 U.S. at 490. In *Gibbs*, the Sixth Circuit relied on *Avery* in holding that the segregation of a "jailhouse lawyer" in retaliation for providing legal aid could impinge on his prisoner clients' constitutional right of access to the courts. 10 F.3d at 379. The Sixth Circuit clarified that, "while there is technically no independent right to assist, prison officials may not prevent such assistance or retaliate for providing such assistance where no reasonable alternatives are available." *Id.* Neither *Avery* nor *Gibbs* directly addressed the specific question raised here—whether a prisoner has the right to have a non-lawyer present with him for assistance at court proceedings.

The Court's limited research turned up one case where the First Circuit Court of Appeals dealt with a similar question. *See Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41 (1st Cir. 1982). In that case, a non-lawyer prisoner asked to enter his appearance as "Paralegal Counsel" in an appeal brought by two fellow prisoners from dismissal of their civil rights suit. *Id.* at 42.

The First Circuit first recognized that *Avery* and *Wolff v. McDonnell*, 418 U.S. 539 (1974) "guarantee prisoners the right to seek assistance and advice on legal matters from other inmates in certain matters." *Id.* Neither case, however, sanctioned "representation during litigation by non-party laypersons." *Id.* The First Circuit found the distinction between assistance and advice from representation significant:

> One of many good reasons for distinguishing assistance and advice from representation is that a party may be bound, or its rights waived, by its legal representative. When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge and training are equal to the responsibility. In addition, remedies and sanctions are available against the lawyer that are not available against the fellow inmate, including misconduct sanctions and malpractice suits. Conversely, if the party inmate commits a costly procedural or other error, the fault is his own and may not be shifted to his in-house advisor, because the right to assistance protected by the case law is meant to further access to the courts, not to shield an inmate against responsibility for errors once access has been obtained.

*Id.* at 42. The First Circuit therefore denied the non-lawyer prisoner's request to enter an appearance.

Here, Mr. Apostelos technically does not ask for permission to have Mr. Coustin represent him at the conference, but the line between representation and sitting alongside someone and offering assistance during a court proceeding is uncomfortably close. Moreover, the right to non-lawyer assistance recognized in *Avery* and its progeny is meant to protect access to the courts. Mr. Apostelos's access to the courts is not in jeopardy. And, as the Sixth Circuit held in *Gibbs*, Mr. Coustin does not have an independent right to assist other prisoners. 10 F.3d at 379. The Court therefore **DENIES** Mr. Apostelos's Motion as to Mr. Coustin. In doing so, the Court does not express an opinion regarding whether or not Mr. Apostelos has the right to consult Mr. Coustin for assistance with this or any other case. As far as the Court is concerned, outside of a

3

proceeding before this Court, Mr. Apostelos is free to accept the advice and assistance of whomever he pleases.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, July 20, 2018.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE