# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM M. APOSTELOS, WMA ENTERPRISES, LLC, MIDWEST GREEN RESOURCES, LLC, and OVO WEALTH MANAGEMENT, LLC, | : | CASE NO. 1:15-cv-00699-TMR |
| | : | |
| | : | JUDGE THOMAS M. ROSE |
| | : | |
| Defendants, and | : | |
| | : | |
| CONNIE APOSTELOS, APOSTELOS ENTERPRISES, INC., COLEMAN CAPITAL, INC., and SILVER BRIDLE RACING, LLC, | : | |
| | : | |
| | : | |
| Relief Defendants. | : | |
| | : | |

## FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANTS WMA ENTERPRISES, LLC; MIDWEST GREEN RESOURCES, LLC; AND OVO WEALTH MANAGEMENT, LLC AND RELIEF DEFENDANTS CONNIE APOSTELOS; APOSTELOS ENTERPRISES, INC.; COLEMAN CAPITAL, INC.; AND SILVER BRIDLE RACING, LLC

This matter having come before the Court on Plaintiff United States Securities and

Exchange Commission's Motion for Default Judgment against WMA Enterprises, LLC;

Midwest Green Resources, LLC; and OVO Wealth Management, LLC and Relief Defendants

Connie Apostelos; Apostelos Enterprises, Inc.; Coleman Capital, Inc.; and Silver Bridle Racing,

LLC (the "Motion"), and the Court having considered the Motion, the memorandum filed in

support of the motion, the complaint, and the evidence, papers and arguments presented therein:

I.

IT IS HEREBY ORDERED that the Motion is GRANTED against WMA Enterprises, LLC; Midwest Green Resources, LLC; and OVO Wealth Management, LLC (hereinafter, "Corporate Entity Defendants") and Relief Defendants Connie Apostelos; Apostelos Enterprises, Inc.; Coleman Capital, Inc.; and Silver Bridle Racing, LLC (hereinafter, "Relief Defendants").

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Corporate Entity Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Corporate Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Corporate Entity Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Corporate Entity Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Corporate Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Corporate Entity Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Corporate Entity Defendants are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 773(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus

or otherwise; or

(b)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Corporate

Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in

active concert or participation with Corporate Entity Defendants or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

OVO Wealth Management, LLC is permanently restrained and enjoined from violating Sections

206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15

U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] by use of the mails or any means or instrumentality

of interstate commerce, directly or indirectly, while an investment adviser:

(a)     employing any device, scheme, or artifice to defraud any client or prospective

client;

(b)     engaging in any transaction, practice, or course of business which operates as a

fraud or deceit upon any client or prospective client; or

(c)     engaging in any act, practice, or course of business which is fraudulent, deceptive,

or manipulative;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) OVO Wealth

Management, LLC's officers, agents, servants, employees, and attorneys; and (b) other persons

in active concert or participation with OVO Wealth Management, LLC or with anyone described

in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Corporate

Entity Defendants are liable for disgorgement of $11,194,472.99, representing profits gained as a

result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the

amount of $587,371.04, for a total of $11,781,844.03.  Of this total amount of disgorgement and

prejudgment interest:  (1) $2,302,499.06 is joint and several with Relief Defendant Connie

Apostelos; (2) $838,052.79 is joint and several with Relief Defendant Apostelos Enterprises,

Inc.; (3) $1,762,996.83 is joint and several with Relief Defendant Coleman Capital, Inc.; (4)

$1,212,946.74 is joint and several with Relief Defendant Silver Bridle Racing, LLC; and (5)

$11,781,844.03 is joint and several with any disgorgement and prejudgment interest ordered

against Defendant William M. Apostelos.  Corporate Entity Defendants' disgorgement and

prejudgment interest obligations shall be deemed satisfied by the Order of Restitution and Order of Forfeiture entered against Defendant William M. Apostelos in *United States v. William M. Apostelos, et al.*, Case No. 3:15-cr-148 (S.D. Ohio).

Based on Defendant William M. Apostelos's conviction in *United States v. Apostelos*, the Commission has determined to withdraw its claims for civil monetary penalties against Corporate Entity Defendants.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Connie Apostelos is liable for disgorgement of $2,091,205.48, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $211,293.58, for a total of $2,302,499.06, which is joint and several with Corporate Entity Defendants, and is joint and several with any disgorgement and prejudgment interest ordered against Defendant William M. Apostelos. Relief Defendant Connie Apostelos's disgorgement and prejudgment interest obligations shall be deemed satisfied by the Orders of Restitution and Orders of Forfeiture entered against Relief Defendant Connie Apostelos and Defendant William M. Apostelos in *United States v. William M. Apostelos, et al.*, Case No. 3:15-cr-148 (S.D. Ohio).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Apostelos Enterprises, Inc. is liable for disgorgement of $779,673.01, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $58,379.78, for a total of $838,052.79, which is joint and several with Corporate Entity Defendants, and is joint and several with any disgorgement and prejudgment interest

ordered against Defendant William M. Apostelos. Relief Defendant Apostelos Enterprises, Inc.'s disgorgement and prejudgment interest obligations shall be deemed satisfied by the Orders of Restitution and Orders of Forfeiture entered against Relief Defendant Connie Apostelos and Defendant William M. Apostelos in *United States v. William M. Apostelos, et al.*, Case No. 3:15-cr-148 (S.D. Ohio).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Coleman Capital, Inc. is liable for disgorgement of $1,659,172.49, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $103,824.34, for a total of $1,762,996.83, which is joint and several with Corporate Entity Defendants, and is joint and several with any disgorgement and prejudgment interest ordered against Defendant William M. Apostelos. Relief Defendant Coleman Capital, Inc.'s disgorgement and prejudgment interest obligations shall be deemed satisfied by the Orders of Restitution and Orders of Forfeiture entered against Relief Defendant Connie Apostelos and Defendant William M. Apostelos in *United States v. William M. Apostelos, et al.*, Case No. 3:15-cr-148 (S.D. Ohio).

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Silver Bridle Racing, LLC is liable for disgorgement of $1,165,422.50, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $47,524.24, for a total of $1,212,946.74, which is joint and several with Corporate Entity Defendants, and is joint and several with any disgorgement and prejudgment interest ordered against Defendant William M. Apostelos. Relief Defendant Silver Bridle

Racing, LLC's disgorgement and prejudgment interest obligations shall be deemed satisfied by the Orders of Restitution and Orders of Forfeiture entered against Relief Defendant Connie Apostelos and Defendant William M. Apostelos in *United States v. William M. Apostelos, et al.*, Case No. 3:15-cr-148 (S.D. Ohio).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: October 1, 2018          *s/Thomas M. Rose*

_____

UNITED STATES DISTRICT JUDGE